MARSHALL FIELD *et al.*

*v.*

IRAM D. CRAWFORD *et al.*

*Filed at Ottawa June 19, 1893.*

1. PARTNERSHIP — *a question of fact.* Whether one person is the partner of another is purely a question of fact, to be determined by the evidence.

2. PRACTICE—*refusing propositions of law.* There is no error in refusing a proposition of law by the court trying the case without a jury, when it is a duplicate of another proposition which is held to be the law. The court is under no obligation to give duplicate instructions, and the rule also applies to written propositions of law.

3. SAME—*submitting questions of fact to the court.* Section 42 of the Practice act, which authorizes, in cases tried without a jury, propositions of law to be submitted to the court to be held or refused, does not provide that propositions of fact may be so submitted. Such a proposition should be refused by the court. But the fact that a proposition of fact may have been held will not prevent the court, on the close of the trial, from entering judgment for either side, as his right may appear.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. WEIGLEY, BULKLEY & GRAY, for the appellants.

Messrs. BARNUM, HUMPHREY & BARNUM, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by the appellants in the Superior Court of Cook county, against Iram D. Crawford and Otto G. Schulenburg, as partners, to recover the amount of certain promissory notes executed by I. D. Crawford. To the declaration the defendant Schulenburg pleaded, first, *non assumpsit;* second, that at the time of the alleged making of the supposed undertakings or promises in the said

declaration mentioned, he was not the co-partner of the said Iram D. Crawford under the alleged firm name of Iram D. Crawford, or any other name, and never has been the co-partner of said Crawford in any way, and does not, jointly with him, owe the plaintiffs anything, and never has so owed them anything,—and of this he puts himself upon the country, etc.; third, that he did not make nor execute, nor authorize in any way, nor consent to the making or execution of, the said several notes in said first, second, third, fourth, fifth and sixth counts mentioned, nor either or any of said notes,—and of this he puts himself upon the country, etc.

By an agreement of the parties a jury was waived and a trial was had before the court, and judgment was rendered against the plaintiffs for costs. On appeal to the Appellate Court the judgment of the Superior Court was affirmed.

Whether Otto G. Schulenburg was a partner with Iram D. Crawford was purely a question of fact, to be determined from the evidence heard on the trial by the court. Upon the evidence introduced, the court found that no partnership existed between the parties, and rendered judgment accordingly. That judgment was affirmed in the Appellate Court, and, under the statute, we are not at liberty to review the facts, and determine whether the Superior and Appellate Courts decided correctly or not. The only question, therefore, that can be considered here is, whether the Superior Court held properly on the propositions of law submitted.

The plaintiffs submitted five propositions to be held as law, and they were all so held except the second, which was marked refused. But upon looking into the record it will be found that the second proposition is a duplicate of the fifth, and for that reason, it may be presumed, the court marked it refused. Nothing could be gained by giving two instructions which contain the same matter, and hence it has often been held in this court that the circuit court is under no obligation to give duplicate instructions. So far, therefore, as the decision

of the court is concerned on propositions of law submitted by plaintiffs, they can have no ground of complaint.

The defendant submitted five propositions, which were held by the court; but as no fault is found with any of these propositions except the third, that alone will be noticed. It was as follows : "Upon all the evidence in these cases, the court holds, as a matter of law, that the defendant Otto G. Schulenburg was not a co-partner of Iram D. Crawford, and did not become liable as such at, or at any time after, the execution of the notes, or any of them, sued upon in such several actions now on trial."

. Section 42 of the Practice act provides, where a cause is tried by the court, by agreement, without a jury, either party may submit to the court written propositions to be held as law in the decision of the case. This section of the statute does not provide that propositions of fact should be submitted to the court to be held or refused, but it embraces propositions of law, only. Whether Otto G. Schulenburg was a co-partner of Iram D. Crawford was a question of fact, to be determined from the evidence introduced before the court by the respective parties, and we are inclined to the opinion that the proposition ought to have been marked by the court refused, on the ground that it was a proposition of fact, and not of law. But we fail to perceive in what manner the plaintiff was injured by the action of the court on the proposition. After the case was closed and the court reached the point to render a final judgment on the evidence, the court was neither bound nor concluded by the fact that the proposition of fact had been held, but, on the other hand, the court was at liberty to render a judgment in favor of either party, as the rights of either might appear from the evidence. Under such circumstances the action of the court on the proposition is not ground for reversing the judgment.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*