THE HIGH COURT INDEPENDENT ORDER OF FORESTERS

v.

LILLIE SCHWEITZER.

*Opinion filed February 14, 1898.*

1. TRIAL—*court, in trial without jury, need not find particular facts.* Written propositions submitted to the court, in a trial without a jury, as "propositions of law," should be refused where they do not ask for the holding of a rule of law, but merely that the court make certain findings of fact.

2. BENEFIT SOCIETIES—*subordinate lodge is the agent of the principal lodge.* The relation between a subordinate lodge of a benefit society and the principal lodge is that of agency, and where forfeiture of the certificate of a member of the subordinate lodge is sought, it may be shown in defense that the subordinate lodge, with knowledge of the alleged cause of forfeiture, treated the insurance as in force, receiving dues and paying them over to the principal lodge.

*High Court Order of Foresters v. Schweitzer, 70 Ill. App. 139, affirmed.*

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

LAWRENCE P. BOYLE, for appellant.

FITCH & DUHA, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from the Appellate Court for the First District to reverse a judgment affirming a judgment of the circuit court of Cook county against appellant and

in favor of the appellee, for $3000 and costs, in an action of assumpsit on a life insurance policy.

On the 18th day of January, 1892, Charles Schweitzer, the husband of appellee, made application for membership in Court Sedgwick No. 176 of the Independent Order of Foresters of the State of Illinois, and became a member of the appellant, and was insured by it in the sum of $1000, and continued in said relation with the appellant until the first day of August, 1895, when he surrendered and returned to appellant the endowment certificate and directed that a new one be issued to him, payable to appellee, his wife, for $3000. In making an application for an increase of endowment, on July 9, 1895, he signed a written application, in which application he answered certain questions propounded by the medical examiner making such examination, as follows:

Q. "What class of business are you engaged in?

A. "Restaurant manager.

Q. "State fully the duties of your employment?

A. "Managing a restaurant," etc.

At that time, and for a considerable period before, he was engaged in a saloon and restaurant kept by one Charles Holmstrom at 93 East Washington street, Chicago. He had sole control and charge of the place in the absence of the proprietor. He bought goods for the restaurant and saloon, paid bills, hired and paid help, and "tended" bar from 8 A. M. to 8 P. M., six days in the week. He continued in such employment up to the time of his death.

In section 2 of article 16 of the constitution and by-laws of the high and subordinate courts of appellant it is provided that saloon-keepers and bar-tenders, together with individuals engaged in certain other occupations, shall be eligible for membership in said order in what is known as the "hazardous risk class," and there is also provided for members insured in said class a special rate of assessment, differing materially from the rates fixed

for members insured in the ordinary risk class. Schweit-
zer continued a member of said appellant, and was by
it insured for $3000 in the ordinary risk class, and paid
therefor the amount of assessments required of members
belonging to said class until the 13th day of November,
1895, when he departed this life.

The defense interposed upon the trial was, that the
statement of the deceased in his application for member-
ship as to his employment was false, and therefore his
certificate of insurance was void. Much of the argument
of counsel for appellant is devoted to questions not be-
fore us for decision. All controverted questions of fact
are settled by the judgment of the Appellate Court. The
trial of the case was by the court without a jury, and
no propositions of law were submitted to the judge to be
held or refused as the law of the case. We have so often
held that in this state of the record no questions of law
not raised by exceptions to the admission or exclusion
of evidence can be here considered, that it is unneces-
sary to refer to the cases or again call attention to the
express requirement of the statute in that regard.

It appears that counsel for the defendant below re-
quested the court to make certain findings of fact, and
complaint is made of its refusal to do so as to certain
requests. We said in *Field* v. *Crawford*, 146 Ill. 136, refer-
ring to section 42 of the Practice act (p. 138): "This sec-
tion of the statute does not provide that propositions of
fact should be submitted to the court to be held or re-
fused, but it embraces propositions of law, only." We
also said in *First Nat. Bank* v. *Northwestern Bank*, 152 Ill.
296, speaking of certain refused propositions (p. 301):
"They are, both in form and in substance, mere prayers
or solicitations of appellant to the trial court to find
particular facts for it, 'under the law and the evidence.'
The statute does not contemplate that under the cloak
of written propositions of law a party litigant shall have
the right to call upon the court to find in his or its favor,

*seriatim*, all the special or particular facts involved in the evidence, and *dehors* the statute it is not a common law function of a judge, in a common law action, to make special findings of fact." Instead of the court committing error in refusing to hold a part of the propositions asked, all should have been refused, as neither of them asks the court to hold a single proposition of law.

It is assigned for error that the trial court erred in the admission of testimony, which was to the effect that prior to the delivery to the deceased of his certificate of membership the officers and members of the lodge to which he belonged had full knowledge of the fact that he was engaged, at least a part of his time, in tending bar, and continued to receive dues from him, which were entered on the lodge books and the money turned over to the treasurer of the lodge. It is contended that this appellant cannot be held bound by the action of the subordinate lodge, and therefore what the latter may have known or done is wholly immaterial. Without entering into a discussion of the question at length, we are satisfied that under the constitution and by-laws of the order the relation of the subordinate lodges to the high court was that of agency. In associations of this character the relation of the members to the order is necessarily through the subordinate lodges, and when a forfeiture of the certificate of insurance is insisted upon, it is proper to show that the subordinate lodge, with full knowledge of the alleged cause of forfeiture, continued to treat the insurance as in full force, receiving the member's dues and paying the money over to the supreme lodge. We are unable to see how such societies could be conducted upon any other principle, without great injustice to the members. There was no error in admission of evidence.

No errors of law are shown in this record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*