## William B. Hummer v. Joseph Brenneman.

1. VENDOR AND VENDEE—*When the Vendee Can Not Repudiate His Contract.*—Where the vendee of merchandise receives it, ships and sells it to third parties who retain it all and use part in their business, the vendee can not afterward repudiate his contract with the vendor and wholly defeat the latter's claim for the agreed contract price on the ground that some of the merchandise was defective or was unfit for the special use for which it was purchased.

2. PROPOSITIONS OF LAW—*Not to Embody Findings of Fact.*—Written propositions, submitted to the court in a trial without a jury as "propositions of law," are properly refused if they embody findings of fact.

Assumpsit.—Error to the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed June 8, 1900.

HASKINS & PANNECK and VINCENT J. DUNCAN, attorneys for plaintiff in error.

ALFRED R. GREENWOOD, attorney for defendant in error.

A party who becomes entitled to rescind an agreement should do so in a reasonable time and restore to the other party what he has received.   Harding v.  Parshall, 56  Ill. 219;  Underwood v. West, 52 Ill. 397;  Wolf v.  Dietzsch, 75 Ill. 205.

Mr. Justice Dibell delivered the opinion of the court.

Brenneman brought this suit against Hummer to recover what he claimed was due him under a contract evidenced by letters between the parties written from October 24 to October 28, 1895, and by which Brenneman was to furnish free on board cars at La Salle, the uncrushed fluxing stone from Brenneman's quarry there, at fifty cents per ton, so long as Hummer would take the daily output, for not exceeding fifty days, Hummer to make all shipping arrangements with the carrier.   Fluxing stone is a grade of limestone, known to the trade by that name, containing an unusually large quantity of carbonate of lime, and an unusually small quantity of the other constituent parts of limestone, and is used in furnaces for separating metal from dross.   The case was tried without a jury upon the general issue, demurrer having been sustained to all special pleas.   The court found for plaintiff and assessed his damages at $475 and entered judgment for that sum.   Defendant sued out this writ of error.

Brenneman delivered to Hummer on board cars at his quarry at La Salle, 1,976 30-100 tons.   The last three and a half car loads, containing 105 tons, were refused.   Hummer accepted and shipped and sold the rest, the contract price of which was $935.65.   Before this contract was made Hummer had been in control of the quarry with one Wilson, and Hummer and Wilson had a contract with Jefferson Hodgkins, of Chicago, for uncrushed fluxing stone from said quarry.   Brenneman was cashier and bookkeeper of the Matthiessen and Hegeler Zinc Company, and Hummer was cashier of the La Salle National Bank, and each was acting for different creditors of a former owner of the quarry. After the control of the quarry passed from Hummer and

Wilson to Brenneman, the contract here sued upon was made to enable Hummer to fulfill the contract of Hummer and Wilson with Hodgkins, Brenneman having refused to contract with Hodgkins. Hodgkins was buying for the Kimbell and Cobb Stone Company, and the latter sold the stone to the Calumet Furnace Company of South Chicago. Hummer claimed on the trial that much of the stone furnished him by Brenneman was not good fluxing stone; that the Calumet Furnace Company picked over about 1,200 tons at a cost of about twenty-five to thirty cents per ton, and threw out entirely about 600 tons and lost the freight it had paid thereon. Brenneman had been paid nothing for the stone. The court allowed about half the contract price of the stone, rejecting the balance as an allowance for the defective stone and for damages.

Hummer never tried to compel Hodgkins to pay anything for the stone. No one tendered back to Brenneman the 600 tons of stone which the Calumet Furnace Company received and piled up at its place of business in South Chicago, and claimed to reject. All the stone Brenneman loaded at La Salle (except the last three and a half car loads) was received by Hummer, sold and delivered by him to Hodgkins, transferred in some way by Hodgkins to the Kimbell and Cobb Stone Company, and sold and delivered by the latter to the Calumet Furnace Company which retained possession of it all, and used so much as it pleased in its business, till it ceased doing business in 1896. Under such circumstances the vendor's claim for the price can not be wholly defeated. (Wolf v. Dietzsch, 75 Ill. 205.) Nor is it clear all the rejected stone came from that shipped by Brenneman, for complaints began before Brenneman began delivering to Hummer. Apparently such complaints related in part to stone shipped from said quarry by Hummer and Wilson before Brenneman obtained control of it. We think it a reasonable conclusion from all the evidence that the pile of stone at South Chicago, estimated to be 600 tons, contains all the stone from this quarry which the Calumet Furnace Company rejected, whether before or after Brenneman obtained the quarry.

Again, Hummer lived at La Salle, was furnished each day with daily invoices, and also was notified each day by telephone of the number of cars loaded that day and ready to be shipped; he shipped them in his own name, was at the quarry several times during the time of these shipments and had opportunity to know whether it was a good fluxing stone before he took it from the quarry. Brenneman was allowed to go on for half a month, loading and delivering to Hummer many car loads each day, without any refusal by Hummer to receive it, and without any notice that hundreds of tons were being rejected and would not be paid for. True, objections to the stone were made from Chicago several times, and Brenneman was cautioned to be careful to ship nothing but fluxing stone, but nothing was said to Brenneman indicating the wholesale rejection now set up. Under all the facts we can not say the court below should have made any further reduction of Brenneman's demand.

Some of defendant's propositions of law contained findings of fact, and were therefore properly refused. High Court, etc., v. Schwietzer, 171 Ill. 325. Perhaps some others that were refused might properly have been given, but the law of the case was sufficiently stated in those which were given.

The judgment is affirmed.