Plattdeutsche Grot Gilde von de Vereenigten Staaten von Nord Amerika v. John Ross, for use, etc.

Gen. No. 11,334.

1. FORFEITURE—*when right of, because of member's age, cannot be insisted upon.* A forfeiture of the rights of a member of a fraternal benefit society cannot be insisted upon because of the fact that at the time he joined such organization he was beyond the age limit fixed by its laws, where such fact was known and acquiesced in by the officers of such society.

2. FRATERNAL BENEFIT SOCIETY—*what notice to.* Notice to a subordinate lodge acting as the agent of the society, is notice to such society.

3. EXPULSION—*when, cannot be collaterally attacked.* An expulsion ordinarily will not be collaterally inquired into by the courts, but will be held as binding upon the parties until set aside by appeal to a higher tribunal of the society by application for reinstatement.

4. EXPULSION—*when, may be collaterally attacked.* An expulsion of a member by a fraternal benefit society may, where it is a nullity, be collaterally attacked.

5. EXPULSION—*when, deemed nullity.* Where a member of a fraternal benefit society is expelled therefrom merely because he has done his duty and told the truth, his expulsion will be deemed a nullity.

6. TENDER—*when, not essential to retain membership in fraternal benefit society.* Where a member of a fraternal benefit society has been expelled it is not essential, where such expulsion is a nullity, that such member should tender payment of dues and assessments accruing against him after the supposed expulsion, in order to retain his legal membership.

7. SUSPENSION—*when by-law providing for, not self-executing.* A by-law of a fraternal benefit society as follows: " All members who have not paid their dues and assessments before the close of such meetings and are three months in arrears are suspended in the meeting next following, and if they are six months in arrears they are expelled without further action of the guild,"—is not self-executing.

8. SICK BENEFITS—*when member of fraternal benefit society entitled to.* Where the by-laws of a fraternal benefit society provide for the payment of sick benefits where a member is "sick and unable to work," sick benefits are payable where a member has not been restored to full health and is substantially unable to do such work as he was accustomed to do prior to his sickness.

9. MINUTE BOOK—*when, competent against fraternal benefit society.* A minute book kept by a subordinate lodge containing entries required to be made by it in the performance of its agency for the society, is competent where it contains relevant admissions against such society.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed November 29, 1904.

**Statement by the Court.** This is an appeal from a judgment of $968, recovered against appellant by appellee for sick benefits claimed to be due him as a member of Immenswarm guild, one of appellant's subordinate lodges.

Appellant is a fraternal benefit society having subordinate lodges, called guilds, and statutes and by-laws for the

Plattdeutsche Grot Gilde v. Ross.

government of itself and the guilds, by which it is among other things provided that male candidates for admission into the society must be over twenty and not over forty-five years of age.

ARING & SOUTHWORTH, for appellant.

ISAAC B. LIPSON and CLAUDIUS PETERS, for appellee.

MR. PRESIDING JUSTICE STEIN delivered the opinion of the court.

First. When appellee joined the lodge, although he was over forty-five years old, he signed a declaration that he was only forty-four and agreed to waive all claims against appellant if found guilty of having made a false statement touching his age. The proof for appellee, however, tends to show that he was ignorant of the contents of the declaration, and stated his age correctly to the officers of the lodge and the grand lodge at the time he applied for admission and was accepted as a member, and that the officers said his being a little over age would make no difference. These matters were in dispute at the trial and presented an irreconcilable conflict which has been settled by the verdict of the jury. Accepting their finding as correct it follows that appellant is estopped from urging appellee's over age as a defense. The knowledge of the subordinate lodge, which was the agent of appellant in the premises, was the knowledge of the latter. Indeed, under the proof one of its officers, the grand master, had direct knowledge, being present at the time of appellee's initiation and then apprised of his being over forty-five years old. Nevertheless both the lodge and grand lodge treated appellee as a member and accepted and retained his dues, and thereby waived the forfeiture of his rights which they might have otherwise insisted upon. Order of Foresters v. Schweitzer, 171 Ill. 325.

Second. In March, 1895, five and one-half years after appellee had become a member, charges were preferred against him in his lodge, and after a trial, he was found

guilty and ordered to be expelled. He appealed to the various tribunals in the society, and finally on August 9, 1895, the order of expulsion was sustained by appellant's grand lodge in convention assembled. It does not appear that thereafter appellee did anything to procure his reinstatement or disaffirm the expulsion either by tendering dues which were payable quarterly to his lodge or paying assessments which were fixed monthly by a committee of appellant, or by bringing mandamus proceedings or in any other way, until November 11, 1901, when he brought the present suit. It is therefore claimed that he acquiesced in his expulsion, ceased to be a member by virtue of the expulsion, and is barred from recovering sick benefits accruing thereafter.

Where a member is expelled from a society upon proceedings duly and regularly conducted, and he had notice thereof or participated therein and the expulsion is in all respects a legal one, the contract of membership and his right to future benefits are thereby terminated. The decision of the society in such a case will not be collaterally inquired into by the courts, but will be held as binding between the parties until set aside on appeal to the higher tribunals of the society, or on application for reinstatement in the courts. Niblack on Benefit Societies and Accident Insurance, 2d ed., paragraphs 319 and 52 and cases there cited; Supreme Lodge v. Zuhlke, 129 Ill. 295.

The question therefore arises, was appellee legally expelled ? The charges against him were, not that he had misrepresented his age, but that he had " admitted on the 4th of March, 1898, that he was too old at the time of his initiation and was thereby unlawfully admitted a member of the guild, Immenswarm No. 26, and that John Ross (appellee) also stated on said 4th of March, 1898, that he told this to " divers persons (naming them) prior to his initiation." The record recites further " that there was a hearing upon said complaint upon due notice to" appellee, " and said guild found John Ross guilty and expelled him," etc. In other words, he was charged with having told the

truth, to wit, that he was over age, and found guilty of the charge. We are not aware of any rule of law or morals which justifies or lends any color to depriving a man of his rights simply because he has done his duty. As well might appellee have been expelled for paying a just debt. The order of expulsion based upon the pretended charge was absolutely void and a mere nullity in the eye of the law.

Such being the case, it is of no moment that he did not tender payment of the dues and assessments that accrued against him after the supposed expulsion, or did not institute proceedings for being reinstated into his rights as a member. By approving and sustaining the act of expulsion appellant deliberately took and has ever since adhered to the position that appellee had ceased to be a member of its subordinate lodge and had lost all his rights as such. He had a right to believe, and no doubt did believe, that any offer by him to pay dues or assessments would be refused. The law does not require the performance of a useless act.

Third. It is further contended that appellee should not have recovered because he was suspended by the guild for being in arrears three months on March 18, 1893, in respect of dues and assessments owing by him and amounting to $3.25. The law of the guild provided that "all members who have not paid their dues and assessments before the close of such meetings and are three months in arrears are suspended in the meeting next following, and if they are six months in arrears they are expelled without further action of the guild." It does not appear that the guild ever suspended appellee, or that any action was taken in that regard. The law was not self-executing as regards suspensions. A member, if in arrears for six months, might be "expelled without further action of the guild;" but it is plain from the difference in phraseology that the framers of the law intended that he should not be suspended without affirmative action by the guild, such as giving notice to the member in default and passing a resolution of suspension.

Fourth. Appellee was not entitled to sick benefits unless he was "sick and unable to work." The uncontradicted proof shows that he was a carpenter and lost the use of his left arm permanently in consequence of a building falling on him May 6, 1896; that he was unable to do any work up to November 5, 1901; that at the time of the trial (June 1903) he " was able to do a little." " I have done no hard work since I was injured. I do a little light carpenter work, make some mosquito frames, anything light I can take hold of. I have been suffering ever since I got hurt." On cross-examination appellee testified : " I can hardly do any work to-day." We cannot concur in the contention of appellant's counsel that " to obtain sick benefits a member must be actually sick and so sick as to be unable to do work of any kind. He cannot draw sick benefits and earn money at the same time." If this construction of the words " sick and unable to work " be correct, it would follow that a person who earned $5 a day before he became sick would have no right to a benefit if capable of earning ten or twenty cents a day, or any sum, however small, afterwards. The by-law must receive a reasonable construction. Its meaning evidently is that so long as a man is not restored to his full health and is substantially unable to do such work or make such a living as he did before, he is entitled to the benefit. Genest v. L'Union, 141 Mass. 417; Niblack on Benefit Societies, 2nd ed., par. 403.

Fifth. Over objection of appellant, the court received secondary evidence of what was claimed to be the contents of the minute book of Immenswarm guild, showing its proceedings on the day of appellee's admission as a member. The minutes showed the date of birth of many persons, including appellee's, who applied for admission and were accepted and initiated at that time, and his birth was therein stated to have taken place in April, 1847, which was more than forty-five years before he applied for membership. It is agreed that the minute book was lost and the objection is that the book itself, if produced in court, would not be competent for the reason that " the record of an

agent of an agent, made for the agent, is not evidence against the principal." That is to say, it was error to receive the minutes because they were written by the guild's secretary as agent of the guild which itself was the agent of appellant. Thus stated, the objection refutes itself. The guild, being impersonal, could not write its own minutes; it had to have it done through a third person, its secretary. Whatever he did in that behalf was the act of the guild. The minutes he kept were not his; they were the minutes of the subordinate lodge, appellant's agent, whose duty it was under appellant's laws to obtain information as to the qualifications of candidates, to record such information and transmit it to appellant. The guild is a department of appellant to solicit and obtain members. It has no separate existence. It is a part of the organic entity of the order. Its agents were appellant's agents. Its books were appellant's books. Corporation books and records are admissible against the corporation as admissions against interest. 9 Am. & Eng. Ency. of Law, 2d ed., 893.

Other alleged errors are urged upon our attention. We have examined them all and shall content ourselves with saying that none of them, even if well taken, is of sufficient merit or importance to warrant a reversal of the judgment. It is therefore affirmed.

*Affirmed.*