Thomas Beggs, Defendant in Error, v. Supreme Council Catholic Knights and Ladies of America, Plaintiff in Error.

Elizabeth Furey, Defendant in Error, v. Supreme Council Catholic Knights and Ladies of America, Plaintiff in Error.

### Gen. Nos. 14,246 and 14,247.

### Consolidated for Hearing.

1. WAIVER—*principle of, distinguished from that of estoppel.* The principle upon which a waiver of a forfeiture is established is similar to that of estoppel, though waiver may be sustained by circumstances which do not present the strong equities which would be required to create an estoppel.

2. FRATERNAL BENEFIT SOCIETIES—*relation of subordinate lodges.* The relation of subordinate lodges to the supreme council is that of agency. The subordinate lodges have power to bind the supreme council and to waive a forfeiture.

3. FRATERNAL BENEFIT SOCIETIES—*what may be waived by.* Age limitations fixed by the by-laws of a fraternal benefit society may be waived by it; such limitations whenever imposed by charter cannot be so waived.

4. FRATERNAL BENEFIT SOCIETIES—*what operates to waive age limitation.* Accepting a member knowing her age to be in excess of the

limitation fixed by the by-laws and, with such knowledge, inducing such member to continue to pay assessments, operates to waive such by-laws.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed January 8, 1909.

CHARLES O'DONNELL and OSCAR E. LEINEN, for plaintiff in error.

PHILIP J. MAGUIRE, for defendants in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Mrs. Catherine Beggs in her lifetime became a member of the plaintiff in error, Supreme Council Catholic Knights and Ladies of America, a mutual benefit order or association chartered by an act of the general assembly of the state of Kentucky. In her application for membership to the society, dated January 13, 1897, she falsely stated her age as forty-eight years, when, as the record shows, she was twelve or fourteen years older. Her application was not made a part of the certificate issued to her. The certificate was dated February 3, 1897, and is set out in full in the opinion filed in Supreme Council Catholic Knights and Ladies of America v. Beggs, 110 Ill. App. 139. Catherine Beggs paid all dues and assessments required of her until the time of her death, August 12, 1897. Within thirty days after her death, proof of death was filed with the plaintiff in error, and payment of benefits under the certificate was demanded, and the society refused payment. Thereupon the above mentioned suit was instituted in the Superior Court of Cook county. Upon the reversal and remandment of the case to the Superior Court it was held by the trial judge before whom the cause came on for trial that there was a misjoinder of plaintiffs. New suits were then instituted in the Municipal Court of

170 APPELLATE COURTS OF ILLINOIS.

Furey v.Supreme Council Catholic K. & L. of America, 146 App. 168.

Chicago, two of which were tried together, resulting in judgments for the plaintiffs and against the defendant. Plaintiff in error prosecutes these writs of error, which have been consolidated for hearing, to reverse the judgments.

Two issues were presented on the trial of the causes: (1) the issue of fraud on the part of Mrs. Beggs in obtaining the certificate by falsely stating her age, and (2) the waiver of the fraud by plaintiff in error, or its estoppel to interpose the defense.

On the question of the mirepresentation of her age by Mrs. Beggs in her application for the insurance there is no real controversy in the record. The claim of plaintiff in error in that regard is fully established by the evidence.

The next question is, did plaintiff in error waive the fraud, and is it estopped from setting up that defense. The principle on which a waiver of forfeiture has been maintained in such cases is undoubtedly similar to that of estoppel, though the former may be sustained by circumstances which do not present the strong equities which would be required to create an estoppel.

An examination of the charter, constitution and by-laws of plaintiff in error, which appear in the record, shows that under its organization the relation of the subordinate branches to the supreme council is that of agency. The evidence shows that the relation of Catherine Beggs, and of all members, to the order was necessarily through the subordinate branches. The supreme council of the order, plaintiff in error, is composed of delegates from the subordinate branches.

In Coverdale v. Royal Arcanum, 193 Ill. 91, the court say, at page 99 of the opinion, quoting from Order of Foresters v. Schweitzer, 171 Ill. 325: "In associations of this character the relation of the members to the order is necessarily through the subordinate lodges, and, when a forfeiture of the certificate of insurance is insisted upon, it is proper to show that

the subordinate lodge, with full knowledge of the alleged cause of forfeiture, continued to treat the insurance as in full force, receiving the members' dues and paying the money over to the supreme lodge.''

It is important, then, in considering the question of waiver of the fraud, or estoppel, to determine from the evidence what the subordinate branch No. 75, of which Mrs. Beggs was a member, did, what its information was concerning Mrs. Beggs' age, and how it treated the matter; for while the plaintiff in error could not in law exceed or waive its charter powers, it could waive its by-laws as to the age of Mrs. Beggs, and could estop itself from interposing the defense of fraud by its own acts, or by the acts of its subordinate branch within the scope of its apparent authority. Wood v. Mystic Circle, 212 Ill. 532. By the charter no age limit is fixed for its beneficial members. That limitation is found in the by-laws of the order; hence, it may be waived by plaintiff in error, and the latter may be estopped to raise the defense. Durkee v. People, 155 Ill. 354; National Home B. & L. Assn. v. Home Savings Bank, 181 *id*. 35.

The evidence in the record tends to show that Mrs. Beggs was admitted as a charter member of subordinate branch No. 75 and that no attention was given to the ages of charter members. From the testimony of Mrs. Brown, who was financial secretary of this branch, it appears that she knew that Mrs. Beggs was over the age of fifty years fixed by the by-laws, and that other charter members were over the age fixed, and that new members were coming into the order who were likewise over the age fixed. Mrs. Beggs' case and the case of other members in the same situation as to age were discussed by the officers of this branch. We might infer that this discussion had become known to Mrs. Beggs, for on one occasion when she went to Mrs. Brown's house to pay her assessment, she said to Mrs. Brown: ''Mrs. Brown, will I still continue paying?'' Mrs. Brown answered,

"Why?" Mrs. Beggs replied: "Well, being over age, and there is others in the society over age." Mrs. Brown then said to her: "Yes, you can pay."

Amanda M. Halton was president of the branch society and testified that Mrs. Beggs became a charter member while the witness was president; that she knew something about Mrs. Beggs' age after she was initiated into the society.

We think the trial court might reasonably infer, as it did, from this evidence, that the branch society had knowledge that Mrs. Beggs was over fifty years of age when she became a member and that the society continued to accept her dues and assessments after they knew that fact, and until her death; and that it took no steps to rescind the contract after that fact became known; and from these facts and the circumstances of the transaction the court might infer an intent to waive the by-laws and the right to rescind the contract on the ground of the fraudulent representation as to Mrs. Beggs' age.

If, with the knowledge of the fact that Mrs. Beggs was over fifty years of age when she became a member of the branch continued to treat the contract as of binding force, and induced her to act in that belief and pay her fees and assessments, it would be just to hold that the branch, and through it the plaintiff in error, waived the fraud and all grounds of rescinding the contract. Hollis v. State Ins. Co., 65 Ia. 454, 459, and authorities there cited; Order of Forresters v. Schweitzer, *supra.*

The intent of plaintiff in error to waive its by-laws and the right to descind the contract on the ground that Mrs. Beggs was over the age named in the by-laws when she became a member, appears as a legal result of the conduct of the subordinate branch, regardless of whether there was an actual or expressed intent to waive. The decisions declaring intent to be the essence of waiver recognize that the intent may be inferred from a party's conduct. 29 A. & E. E. of

Law (2nd Ed.) 1095, and authorities there cited.  In our opinion the evidence in the record warranted the trial court in finding that plaintiff in error had waived its right to rescind the contract for the cause shown by the evidence, and in making a finding for the defendant in error in each case, and entering judgment thereon.

The defendants in error in these proceedings entered motions to tax the costs of additional abstracts filed herein against the plaintiff in error; and they at the same time moved for an award of damages against plaintiff in error amounting to ten per cent. of the judgments respectively, or such other sum as to the court may seem meet and proper.  These motions were taken with the cases respectively and reserved for disposition therewith.  The motion to tax costs of the additional abstract in each case against the plaintiff in error is allowed.  The motion in each case to award damages against the plaintiff in error is denied. The judgment in each case is affirmed.

*Affirmed.*