## Hattie Gutkowsky, Appellee, v. Grand Lodge, Progressive Order of the West, Appellant.

### Gen. No. 20,284.

1. INSURANCE, § 722*—*when subordinate lodge may waive grand lodge's approval of applicant's medical certificate*. A subordinate lodge of a fraternal benefit society *held* not to have the power to waive a requirement of the constitution and by-laws of the Grand Lodge, making the approval of the latter body of an applicant's medical certificate a prerequisite to membership.

2. INSURANCE, § 794*—*when receipt of dues by subordinate lodge estops Grand Lodge from denying liability on certificate*. The receipt and retention by a subordinate lodge of a fraternal benefit society of the dues of an applicant for three months, *held* not to constitute a payment to the Grand Lodge so as to estop that body from denying liability on a benefit certificate on the ground of the nonapproval by it of the applicant's medical certificate, which its constitution and by-laws made a prerequisite to membership.

3. INSURANCE, § 739*—*when contract of insurance exists between applicant and fraternal benefit society*. Where an applicant's medical certificate was never approved by the Grand Lodge of a fraternal benefit society, the constitution and by-laws of which made such approval a prerequisite of membership, *held* that no contract

---

*See **Illinois Notes Digest**, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Gutkowsky v. Grand Lodge, P. O. of the West, 194 Ill. App. 452.

arose between that body and the applicant, notwithstanding his initiation by a subordinate lodge which accepted and retained dues from him for three months.

Appeal from the County Court of Cook county; the Hon. D. T. SMILEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed June 17, 1915. Rehearing denied July 3, 1915.

**Statement by the Court.** This was an action in assumpsit brought in the County Court of Cook county by Hattie Gutkowsky, appellee, hereinafter called the plaintiff, against Grand Lodge, Progressive Order of the West, a corporation, appellant, hereinafter called the defendant. The defendant is a fraternal benefit society organized under the laws of Missouri and is qualified to do business in the State of Illinois. One of the purposes of the society is to pay death benefits to the families, heirs, blood relations or legal beneficiaries of deceased members. The defendant carried on the work of the order through the Grand Lodge and subordinate lodges. This action was brought to recover a five hundred dollar death benefit alleged to be due the plaintiff from the defendant as the legal beneficiary of her deceased husband, Max Gutkowsky, who, the plaintiff claims, was a member in good standing of said society at the time of his death. The case was tried before the court without a jury, and the issues were found in favor of the plaintiff, and the damages were assessed at five hundred dollars. A motion for a new trial was overruled, judgment was entered on the finding, and this appeal followed.

The declaration consisted of the common counts and a special count alleging, *inter alia,* that in July, 1912, Max Gutkowsky became a member of and was initiated into the defendant order pursuant to its laws; that he remained a member in good standing from his initiation until the time of his death, August 29, 1912; that

454    Appellate Courts of Illinois.

Gutkowsky v. Grand Lodge, P. O. of the West, 194 Ill. App. 452.

section 5 of article 1 of the laws of said order provides that, "in the event of a death of a member in good standing the sum of five hundred dollars ($500) shall be paid to the legal heirs or beneficiaries of the deceased member within sixty (60) days after the approval of the claim by the executive board;" that section 6 of article 1 of said laws provides that, "payment of death claims shall be made only to the husband, wife, children, father, mother, lawful heirs or blood relations of the deceased, as designated on the medical certificate on file in the Grand Lodge Office;" that at the time of his initiation, the said deceased designated the plaintiff, his wife, as his beneficiary; that the plaintiff gave notice to the defendant of the death of the deceased and demanded from it the sum of five hundred dollars; that the defendant has refused and still refuses to pay the same or any part thereof. The defendant filed a plea of the general issue and an affidavit of merits, as follows: That he (Benjamin E. Cohen, agent for the defendant) verily believes that defendant has a good and meritorious defense to the whole of plaintiff's demand; that the nature of such defense is as follows: (1) That no medical examiner's report was ever made upon the application of Max Gutkowsky as provided by the laws of said defendant corporation. (2) That no membership certificate was ever issued to said Max Gutkowsky as provided by the laws of said defendant corporation and no medical examiner's report was ever made on the application for such certificate to the Grand Lodge. (3) That section 6 of the constitution and by-laws of said defendant corporation provides that no applicant shall be initiated in any subordinate lodge until the recording secretary shall have received a notice from the Grand Secretary that the medical certificate of the applicant was approved by the Grand Medical Examiner. (4) That Max Gutkowsky at the time he made the application for membership in said society

was over forty years of age; that section 7 of the constitution provides that no one over forty years of age shall be admitted to membership until his age shall have been examined by the Grand Medical Examiner; that it was necessary for the Grand Medical Examiner to approve or disapprove such application in writing; that no application was ever presented to said Grand Medical Examiner for approval or disapproval. The facts in the case were stipulated. It appears that Max Gutkowsky, the deceased husband of the plaintiff, on or about August 10, 1912, filed an application for membership in the defendant order with a subordinate lodge of the defendant (Malbein Lodge No. 131), located in the city of Chicago; that he was examined by Dr. S. M. Robin, medical examiner for the said subordinate lodge, who recommended him for a beneficiary membership in the order; that his application was voted on and he was elected a member by the members of the subordinate lodge; that in the subordinate lodge he went through the ceremonies of initiation and was given the signs and obligations of the order; that his wife (the plaintiff) was designated by the deceased as his beneficiary; that he paid to the subordinate lodge the initiation fee and dues for three months; that he died August 29, 1912; that he was not under suspension and did not owe any money or assessments to the said lodge, ''and, so far as his connection with the lodge was concerned, he was in good standing at the time of his death;'' that the said application for membership and the medical certificate of Dr. Robin were delivered to the secretary of the subordinate lodge; that they were never forwarded to the Grand Lodge; that no membership certificate in the order was ever issued to the deceased; that the deceased at the time he filed his said application for membership was forty-two years old. The laws of the order, material to the present case, provide: That an ap-

plicant for membership shall first familiarize himself with the constitution and by-laws of the order; that he shall not be considered a member until he has received the initiatory degree and is in possession of a membership certificate issued by the Grand Lodge; that he shall not be initiated by any subordinate lodge unless a notice shall have been received from the Grand Lodge that the medical certificate of the applicant has been approved by the Grand Medical Examiner; that if the applicant is over forty years of age he shall not be admitted to membership until his age shall have been first investigated by the Grand Medical Examiner and approved by him in writing; provided, that in lodges meeting outside of St. Louis, Missouri, the district deputy shall make such investigation personally and report in writing to the Grand Secretary his opinion as to the eligibility of such candidate; that the applicant shall appear for initiation within thirty days after the approval of his medical certificate; that if he be admitted contrary to the above requirements he shall not be entitled to any of the benefits of the order nor his beneficiaries to any of the benefits of the endowment fund; that if he be rejected by the lodge or medical examiner all fees except the medical examiner's fees shall be refunded; that the Grand Lodge shall not be responsible for any or all of the actions of the subordinate lodge or its officers to its subordinate members in reference to acceptance, expulsions or other actions; that the subordinate lodges and their officers are the joint agents of their respective members only and the managers for their respective lodges since they are chosen by them and not by the Grand Lodge; that the contract between the order and its members shall consist of the membership certificate, the constitution of the order, the laws and rules of the order and those governing subordinate lodges, the application for membership, and questions and answers of the member contained in the

medical certificate signed by him prior to his initiation. In the application for membership signed by deceased, he stated that he was acquainted with the objects of the order and familiar with its laws and indorsed them. He represents that he was in sound bodily health, and forty-three years of age on his last birthday; that should the Grand Lodge or its executive officers for any cause whatsoever refuse to recognize his initiation into and acceptance by the lodge of the order which has initiated and accepted him as a member, he consents that the said initiation be void and his acceptance into the order of no value.

G. J. NORDEN, for appellant.

HARRY C. LEVINSON, for appellee; LEO W. HOFFMAN, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

The defendant contends "that Gutkowsky's relation to the order at the time of his death was merely that of an applicant—one who had made a proposition for membership—who had applied for a contract of insurance which had not been accepted, not having been placed before the only authority in the order which could accept such a proposition for membership; that the society imposed, and had a right to impose, conditions precedent to membership and to insist upon them; that whatever right the Grand Lodge might have by its own acts to waive any of these conditions precedent, *the local lodge having no authority in these matters did not and could not waive the right of the Grand Lodge to insist upon them and to determine for itself whether or not the applicant should become a member;* that the applicant knew of these several conditions precedent having acknowledged his familiarity with the order's laws and having fully indorsed them."

458      APPELLATE COURTS OF ILLINOIS.

Gutkowsky v. Grand Lodge, P. O. of the West, 194 Ill. App. 452.

The plaintiff, in answer to this contention, says that the subordinate lodge was the agent of the Grand Lodge and had the power and authority to waive the conditions which the by-laws of the Grand Lodge made precedent to the acquisition of membership; that the issuance of a benefit certificate was not essential to the right of recovery in this case, and that the deceased, under the facts of this case, was a member in good standing of the defendant order at the time of his death.

The defendant concedes that in many instances insurance orders are bound by the acts of officers of the subordinate lodges, but it insists that in all such cases the acts of omission or commission of the subordinate lodge officers are such as are within the apparent scope of their authority—of their agency—in the handling of matters confided to their care by the Grand Lodge; but that the present case does not fall within the principle that governs those cases, for the reason that the subordinate lodge of the defendant had no power to act in the matters in question; that while the Grand Lodge might have, by its own acts, the authority to waive the conditions precedent, that were not observed in the present case, the local lodge had no such authority.

There is no doubt but that a subordinate lodge, in an order like the defendant, is the agent of the Grand Lodge when it acts in matters within the apparent scope of its authority and the Grand Lodge is bound by its conduct. *Beggs v. Supreme Council Catholic Knights and Ladies of America,* 146 Ill. App. 168; *High Court Independent Order of Foresters v. Schweitzer,* 171 Ill. 325; *Coverdale v. Royal Arcanum,* 193 Ill. 91; *Grand Lodge Ancient Order of United Workmen v. Lachmann,* 199 Ill. 140; *Court of Honor v. Dinger,* 221 Ill. 176, are cases in point. But it is not true that a subordinate lodge is a general agent of the Grand Lodge and authorized to do everything that the

Grand Lodge or its officers may do. *Love v. Modern Woodmen of America,* 259 Ill. 102. In the present case, it was not within the apparent scope of the authority of the subordinate lodge to approve or disapprove the medical certificate of the applicant, or to perform the duties required of the Grand Medical Examiner under section 7, or to issue the membership certificate, as provided for by section 4, and the subordinate lodge had, therefore, no power to waive these conditions precedent to membership in the order. The subordinate lodge was the agent of the defendant in receiving the application of the deceased, and in having the latter examined by the medical examiner of the subordinate lodge, and possibly in the matter of the initiatory ceremonies performed by it, but all these acts were but conditional steps towards membership in the order, and the Grand Lodge alone had the final power to determine whether or not the applicant should be admitted to membership. The laws of the order are clear on this subject, and it is apparent from the application signed by the deceased that he understood the said laws, and the force and effect of the actions of the subordinate lodge, and the power of the Grand Lodge in the premises. There is no suggestion that fraud was practiced on the deceased by either the Grand or subordinate lodge, nor do we find anything in the record to indicate that the subordinate lodge in any way deceived the deceased as to the power or authority it possessed in the matter of making him a member of the order. The application for membership by the deceased, in itself, was but a mere offer to the defendant order and, under the facts of this case, we fail to see how it can be held that there was any acceptance of the same by the Grand Lodge. There was, in our judgment, no contract between the deceased and the defendant order.

The plaintiff contends, however, that the deceased paid the subordinate lodge "dues" for the months of

August, September and October, 1912; that this payment was due to an agent of the Grand Lodge, and that as these "dues" have never been returned to the plaintiff, or to anyone else, by the Grand or subordinate lodge, these facts estop the defendant from now denying its liability to the beneficiary designated by Max Gutkowsky in his application. We find no merit in the contention that the Grand Lodge is presumed to have received from the subordinate lodge—as membership dues of the deceased—the "dues" paid by the deceased to the subordinate lodge. If the deceased had been admitted to membership in the order by the Grand Lodge, the subordinate lodge would, of course, be the agent of the Grand Lodge in the collection of dues of the deceased, and, in such case, there would be a presumption that the Grand Lodge received the dues paid to its said agent, but in the present case the deceased was not admitted to membership in the order by the Grand Lodge, nor did the latter body, it appears, even know of the steps taken by the subordinate lodge in the matter of the application of the deceased;, and the subordinate lodge in the acceptance of the so-called dues from the deceased, if it be held that the subordinate lodge received the same as dues and unconditionally, was not acting within the scope of its authority, and was, therefore, not the agent of the Grand Lodge in the premises, and there would be no presumption that the said "dues" thus paid to the subordinate lodge were received by the Grand Lodge as membership dues of the deceased. But we do not think that it can even be held that the subordinate lodge received the "dues" unconditionally. On the contrary, it would seem that it received the "dues," as dues, conditioned upon a favorable action by the Grand Lodge in the matter of the application of the deceased. *Plattdeutsche Grot Gilde v. Ross*, 117 Ill. App. 247; *High Court Independent Order of Foresters v. Schweitzer, supra; Dromgold v. Royal Neighbors of*

*America,* 261 Ill. 60, cited by the plaintiff in support of its present contention, are not in point, as the subordinate lodge, or council, in each of those cases, collected the dues from one that had been admitted to membership by the Grand Lodge, or Council.

The plaintiff, in the court below, tried the case solely upon the theory that the subordinate lodge, in what it did, was the agent of the Grand Lodge; the contention that the Grand Lodge is presumed to have accepted the ''dues'' paid to the subordinate lodge by the deceased and that its failure to return the same before or after the death of Gutkowsky estops it from denying liability to the beneficiary of the deceased is apparently raised for the first time in this court. This may explain why the parties to this suit failed to incorporate in the stipulation of facts any statement in reference to the ''dues'' paid by the deceased, save that the subordinate lodge accepted the same. It may be that upon a new trial of the case the plaintiff may be able to introduce evidence tending to show that the Grand Lodge received the ''dues'' of the deceased from the subordinate lodge, knowing that it was money paid by the deceased as dues for membership in the order, or facts from which said knowledge would be presumed, and that it retained the same. Of course, if the defendant order did receive and retain the said ''dues'' as dues of the deceased, as a member of the order, it would be estopped to deny that the deceased was a member of the order. We fail to see anything in this record that would justify the conclusion that the defendant order, by its conduct, is estopped from denying that the deceased was a member, nor are we even warranted in assuming from the stipulated facts that the ''dues'' were retained by the Grand Lodge or the subordinate lodge.

If we are right in the conclusions we have expressed, it follows that the trial court erred in holding, under the stipulated facts, that there was a contract between

the deceased and the defendant, and the judgment of the County Court of Cook county must be reversed, and for the reason stated the cause will be remanded for a new trial.

*Reversed and remanded.*