MARY ANN ENRIGHT, Defendant in Error, *vs.* THE NATIONAL COUNCIL KNIGHTS AND LADIES OF SECURITY, Plaintiff in Error.

*Opinion filed February 23, 1912.*

1. BENEFIT SOCIETIES—*construction of member's contract is a question for the court.* The application for a benefit certificate, the physician's examination, the by-laws of the society and the certificate are all to be considered as the contract between the society and the member, and their meaning and construction are questions to be determined by the court.

2. SAME—*question as to diseases of applicant's relatives construed.* The question, "Have either of your parents, or any of your uncles, aunts, brothers or sisters, or other blood relatives, been afflicted with consumption, scrofula, cancer, insanity, epilepsy, gout, rheumatism, or any other hereditary disease?" does not mean that the diseases specified must have been hereditary, but is intended to require the applicant to state whether any of the relatives mentioned have been afflicted with any of the diseases specified, or any disease not specified which is hereditary.

3. SAME—*when false answer bars recovery.* Where the undisputed evidence shows that one brother and one first cousin of the insured, who resided in the same city with the insured, died of

consumption, there can be no recovery on a benefit certificate issued on an application containing a negative answer to the question whether any of the brothers or other blood relatives of the insured had ever been afflicted with consumption "or any other hereditary disease," there being no evidence tending to impeach the application, which was the basis of the certificate, nor to show that the insured did not give the answer therein contained.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

A. W. FULTON, for plaintiff in error.

FRANK F. ARING, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendant in error, Mary Ann Enright, brought her suit in the municipal court of Chicago against the plaintiff in error, the National Council Knights and Ladies of Security, a fraternal benefit society organized under the laws of this State, on a certificate issued to her son, Thomas J. Enright, on August 7, 1907, and payable to her upon his death. The insured died of consumption on March 21, 1908, and the defense was, that in his application for the certificate he made an untruthful answer to the question whether his parents, or any of his uncles, aunts, brothers or sisters, or other blood relatives, had been afflicted with that disease, and therefore the plaintiff was not entitled to recover under the terms of the contract. The certificate was for $3000, but it provided that if the insured should die within twelve months of its delivery the defendant should be liable for only seventy per cent of that amount. Upon a trial there was a verdict for $2187.50, being seventy per cent of the total amount, with interest. The court overruled a motion for a new trial and entered judgment on the verdict.

The record was removed to the Appellate Court for the First District, where the judgment was affirmed by the branch of that court, and it has been brought to this court in pursuance of a petition for a writ of *certiorari*.

At the close of the evidence the defendant asked the court to direct a verdict in its favor, which the court refused to do, and the refusal was assigned for error in the Appellate Court. There was no controversy as to any material fact, and the rights of the parties depended upon the application of the law to facts which were not in dispute. The application for the certificate, the examination by the physician, the by-laws of the society and the certificate issued were all to be considered as the contract between the parties, and their meaning and construction were questions for the court. *Lehman* v. *Clark,* 174 Ill. 279; *Fullenwider* v. *Royal League,* 180 id. 621.

The application for the certificate contained this question: "Have either of your parents, or any of your uncles, aunts, brothers or sisters, or other blood relatives, been afflicted with consumption, scrofula, cancer, insanity, epilepsy, gout, rheumatism, or any other hereditary disease?" This question was read by the medical examiner to the applicant, and he answered, "No." The answer was written down and the application was signed by the applicant, who therein declared that the answers and statements, and the answers to the questions propounded to him by the medical examiner, were warranted to be true and fair. It was also therein agreed that the application should form the basis of the agreement and constitute a warranty, and that the application and medical examination should be considered a part of the beneficiary certificate. The certificate was issued in pursuance of the application, and provided that it was issued and accepted upon the said expressed warranties, conditions and agreements, and that the application and report of the medical examiner, which were made a part thereof, were true in all respects and should be held

to be a warranty and to form the only basis of liability of the order on the certificate. The by-laws also provided that no person, nor the beneficiaries named in the certificate, who should make any false representations in the application should be entitled to receive any benefits by reason of the certificate having been issued.

The answer was not true. Oliver Enright, a brother of the insured, had died on February 8, 1903, of acute miliary tuberculosis, which is a common name for consumption, and a contributing cause was dyspnœa, which means shortness of breath or difficulty of breathing. A cousin of the insured, whose mother was a sister of the plaintiff, died on November 15, 1904, of acute pulmonary tuberculosis, the common name of which is acute consumption. The insured died on March 21, 1908, of phthisis pulmonalis, the common and everyday name of which is consumption, and a contributing cause or complication was endocarditis, which means inflammation of the valves of the heart. According to the death certificates the duration of the disease in the case of the brother was four months and fifteen days, in the case of the cousin four months and in the case of the insured four months. The plaintiff called a witness who said that the insured did not read over the examination before signing it but that she heard the question asked, and there is nothing in her testimony or in the record tending in any degree to prove that the answer was not given as written down by the medical examiner and the application was not impeached in any manner whatever. The insured and his brother lived in Chicago, at 1127 West Congress street, and the cousin lived in the same city, at 290 California avenue, so that it is beyond question that the insured knew of the deaths of his brother and cousin and the nature of the long illnesses which preceded their deaths.

Counsel differ as to the construction of the contract on the question whether the false answer was a warranty of a

fact which under the law must be literally true, whether material or not, or was merely a representation of a fact which must relate to a matter material to the risk, (*Minnesota Life Ins. Co.* v. *Link*, 230 Ill. 273,) and they also differ as to whether the same rule, in the construction of doubtful or ambiguous terms, is to be applied to a fraternal beneficiary society as to a regular insurance company, but neither question is material. The municipal court took the view that the statements of the application were warranties. No instructions were asked by the plaintiff but the court gave instructions requested by the defendant in which the contract was so construed, and the jury were directed to find for the defendant if they believed, from the evidence, that previous to the time of application the applicant had one brother and one first cousin who died of consumption. There was no dispute as to the hypothesis of fact and the verdict was directly contrary to the instructions, but the court denied the motion for a new trial, to which defendant was clearly entitled on that ground if the instructions correctly stated the law. The Appellate Court regarded the statements as representations, but whether they were warranties, as was stipulated in the application and confirmed by the certificate and by-laws, or were representations, there could be no recovery on the undisputed facts. In any view of that subject the question and answer were material to the risk, and there is no ambiguity about the contract which could permit a construction giving a right to recover.

It is contended that the judgment was right because the ordinary and plain meaning of the words used to specify the diseases was limited or qualified by the words "or any other hereditary disease," and that it was necessary not only to prove that a brother and cousin had died of consumption, but that the consumption was of some kind that was hereditary and was not acquired by the brother and cousin. The Appellate Court adopted the view that in order to avoid liability on the certificate it was necessary to

show that the consumption of which the brother and cousin died was hereditary in them, and that the duration of the disease for four months, and fifteen days and four months, respectively, did not indicate that the disease was hereditary but rather that it was acquired. We have not found any evidence in the record that the disease was not hereditary and was acquired, but we regard the plain meaning of the question to be whether any of the specified relatives or blood relatives of the insured had been afflicted with either of the particular diseases mentioned, or with any other disease not mentioned that was hereditary. The question did not imply that the diseases mentioned were hereditary, and it would be irrational to say that the fraternal society was seeking information from the applicant as to whether gout, rheumatism or consumption were hereditary. What the society wanted to know and required him to answer was whether any of the relatives had had any of those particular diseases. As to other diseases he was not required to answer unless they were hereditary, which would exclude contagious or infectious diseases, and such others as were not considered hereditary and which were of no interest to the insurer.

We are referred by counsel to the decision in *Insurance Co.* v. *Gridley*, 100 U. S. 614, as justifying the interpretation claimed for the question. In that case the applicant answered that his brother had been temporarily insane; that the insanity was caused by the excessive use of intoxicants and the use of opium and morphine, and that recovery followed reformed habits in those respects. The inquiry as to diseases of the applicant was limited to such as were material to the risk, and the context justified the conclusion of the court that it was not intended to include such diseases as might exist in a dormant or inactive state without his knowledge or without discovery upon examination by the most learned physician. What was there said does not apply in any way to this case, where a statement which

was material to the risk was made which was untrue and where the applicant could not have been ignorant of the truth.

As there was no evidence tending to overcome the defense interposed, the court erred in refusing to direct a verdict and the Appellate Court erred in affirming the judgment.

The judgments of the Appellate Court and the municipal court are reversed.        *Judgment reversed.*