T. M. DROMGOLD, Appellant, *vs.* THE ROYAL NEIGHBORS OF AMERICA, Appellee.

*Opinion filed December 17, 1913.*

1. BENEFIT SOCIETIES—*application and by-laws are part of the contract between society and the member.* The application for a benefit certificate and the by-laws of the society are to be considered a part of the contract between the society and the member.

2. SAME—*restriction upon power of agent to waive conditions may itself be waived.* A restriction upon the power of an agent of a benefit society to waive any of the conditions of the contract or upon the manner of their waiver is a condition which may itself be waived; and this rule applies not only to regular insurance companies but also to mutual benefit associations.

3. SAME—*subordinate lodge is the agent of the supreme lodge.* A subordinate lodge or council is the agent of the supreme lodge or council, notwithstanding the declarations of the by-laws of the society to the contrary.

4. SAME—*when local lodge is the agent of the supreme lodge in receiving dues.* Where the by-laws of a benefit society require members to pay their dues and assessments to the local lodge, the officers of the local lodge, in the matter of receiving and transmitting dues, are the agents of the supreme lodge, and are the authorities with whom members must deal and upon whose actions, within the scope of their authority, the members may rely.

5. SAME—*when benefit society cannot insist upon a forfeiture.* If a benefit society permits a subordinate lodge and its officers to act in such a manner, in receiving dues, that the member is justified in believing that the reasons for forfeiture specified in the by-laws have been waived, the society cannot set up a forfeiture, incurred by relying upon such action, as a defense to a suit on the certificate.

6. SAME—*when a provision requiring dues to be paid during calendar month is waived.* A by-law requiring payment of an assessment during the month when due and declaring a suspension of members not so paying is waived, where it is shown that the assessment was received by the local recorder, with full knowledge of the member's condition, on the fourth day of the month after it was payable and forwarded by her to the supreme lodge, in accordance with a long standing custom to remit to the supreme lodge from the fifth to the tenth of the month following the one at which the assessment was payable, and to accept all payments made between the first of the month and the time of remitting without reporting the delinquents as suspended.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. MCKENZIE CLELAND, Judge, presiding.

THOMAS G. VENT, for appellant.

U. A. SCREECHFIELD, E. A. ENRIGHT, and A. W. FULTON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a suit brought by appellant in the municipal court of Chicago to recover from appellee, a fraternal beneficiary society, $1000 on a certificate issued to his wife. The trial before the court resulted in a judgment for $1000 in favor of appellant. On a writ of error the Appellate Court reversed the judgment without remanding the cause and granted a certificate of importance. This appeal followed.

December 21, 1896, Ella Bell Dromgold, the wife of appellant, became a charter member of Crystal Camp No. 468 of the Royal Neighbors, at Seneca, Illinois, and a beneficiary certificate for $1000 was issued, payable at her death to her husband. She died March 13, 1909. All assessments had been paid as they became due except one of $1.20 due on January 31, 1909, which was paid on February 4 of that year to Mrs. Marie Wilcox, recorder of the local camp, and forwarded to the supreme recorder between the fifth and tenth of that month, in accordance with her custom. Mrs. Dromgold had been ill for several months before her death with diabetes, and her health was impaired from that cause on February 4. Appellant testified that in November, 1908, he told Mrs. Wilcox that his wife was sick and he might neglect to pay the dues and asked her to see that they were paid, promising to re-pay her. This, he testified, she agreed to do. While not remembering her reply to his request, she remembered that he made one and did not contradict him on this point.

The Appellate Court states in its opinion that the facts are undisputed. That court made no finding of fact, and must therefore be taken to have found the facts the same as the trial court and to have reversed the judgment for an error of law.

The principal question urged is whether the suspension because of the non-payment of the January assessment on time was waived by the subsequent acceptance of the assessment by the recorder of the subordinate lodge with knowledge that Mrs. Dromgold's health was impaired. This question was properly presented by propositions of law in the trial court.

Mrs. Dromgold in her application agreed to pay all dues and assessments promptly and to conform in all respects to the rules and by-laws of the association. The following by-laws contain the provisions to which our attention has been particularly called:

"Sec. 45. *No waiver of any by-laws*—No officer of this society, nor any local camp officer, is authorized or permitted to waive any of the provisions of the laws of this society which relate to the contract for the payment of benefits between the member and the society, whether the same be now in force or hereafter enacted.

"Sec. 63. *Members, when liable to suspension*—If the member fail or neglect to pay an assessment to the local recorder within the limit of time provided for in these laws the member shall stand suspended. During such suspension the benefit certificate of such member shall be void. The supreme recorder shall address to all suspended members a notice of such suspension, together with a statement of the requirements for re-instatement: *Provided,* that the giving of such notice of such suspension shall not be deemed to be a prerequisite of suspension, and shall not have the effect of waiving suspension or leaving the society liable to such suspended member or his beneficiary or beneficiaries.

"Sec. 65. *How to re-instate beneficial members*—If arrearages of every kind are paid up within sixty days after suspension, together with current assessment and one advance assessment, and the member's health is not impaired, the member shall thereby be restored to membership and his or her benefit certificate made binding as soon as such payment is received and recorded by the local camp recorder.

Sec. 279. *Recorder declared to be agent of camp*—The recorder of a local camp is hereby made and declared to be the agent of such camp and not the agent of the supreme camp, and no act or omission on her part shall have the effect of creating a liability on the part of the society or of waiving any right or immunity belonging to it."

Section 75 also contains a provision that "any member failing to make payment of an assessment on or before the last day of each month shall by reason of such failure stand suspended."

Counsel for the appellee contend that under these provisions of the by-laws .Mrs. Dromgold forfeited her membership by failing to pay her assessment in January, and that, she being in impaired health, the receipt of the assessment thereafter, on February 4, by the local recorder at Seneca did not waive this forfeiture.

The application for a benefit certificate and the by-laws of the society are to be considered a part of the contract between the society and the member.. (*Enright* v.. *Knights and Ladies of Security,* 253 Ill. 460.) Restrictions upon the power of an agent of an insurance company to waive any of the conditions of the contract or upon the manner of such waiver are themselves conditions of the contract, which may be waived the same as any other condition of the policy. (*Phenix Ins. Co.* v. *Grove,* 215 Ill. 299; *Orient Ins. Co.* v. *McKnight,* 197 id. 190; *Bennett* v. *Union Central Life Ins. Co.* 203 id. 439.) It has been held by this court that the doctrine of waiver applies not only to insurance companies having a capital stock, insuring for pecuniary profit, but also to mutual benefit associations. (*Metropolitan Accident Ass'n* v. *Windover,* 137 Ill. 417; *Railway Conductors' Benefit Ass'n* v. *Tucker,* 157 id. 194; *Coverdale* v. *Royal Arcanum,* 193 id. 91; *Illinois Life Ass'n* v. *Wells,* 200 id. 445.) The nature and objects as well as the organization and government of such associations render the application of general rules of law in most cases the same in mutual benefit associations not organized for pecuniary profit as in insurance societies organized for pecuniary profit. (3 Am. & Eng. Ency. of Law,—2d ed.—1044; see, also, Niblack on Benefit Societies and Accident Ins.— 2d ed.—sec. 3; 1 Bacon on Benefit Societies and Life Ins.— 3d ed.—sec. 23.) No absolute rule can be laid down as to what acts will in all cases amount to a waiver of a forfeiture of membership in a mutual benefit society, but this court held in *Railway Conductors' Benefit Ass'n* v. *Tucker, supra,* on page 201, that "conduct on the part of the society

which amounts to a recognition of a member's claim to
the continuing rights of membership will relieve him from
the consequences of his default. The receipt of assessments
after default in payment is a common form of waiver."
An acceptance of an assessment without condition waives
all the former known grounds of forfeiture. *Rice* v. *So-
ciety*, 146 Mass. 248; Niblack on Benefit Societies and Ac-
cident Ins. (2d ed.) sec. 304.

Notwithstanding the declarations of by-laws of mutual
benefit societies to the contrary, under the decisions in this
State the subordinate lodge or council is the agent of the
supreme lodge or council. (*Independent Order of Forest-
ers* v. *Schweitzer*, 171 Ill. 325; *Royal Neighbors of Amer-
ica* v. *Boman*, 177 id. 27; *Grand Lodge A. O. U. W.* v.
*Lachmann*, 199 id. 140; *Court of Honor* v. *Dinger*, 221 id.
176; *Jones* v. *Knights of Honor*, 236 id. 113; *Johnson* v.
*Royal Neighbors of America*, 253 id. 570.) This is prac-
tically conceded by appellee, but it is insisted that it has
never been held by this court that the agency of the sub-
ordinate lodge cannot be limited by the by-laws of the as-
sociation. This court has recently had occasion to consider
this question in *Love* v. *Modern Woodmen*, 259 Ill. 102,
and there stated that while the local camp was the agent
of the head camp as to some things, it was not a general
agent authorized to do everything that the head camp or
its officers could do, but further stated (p. 106): "The
subordinate lodge of a benefit association, authorized to
receive or collect dues and transmit them to the association,
is the agent of the association for that purpose, and its acts
within the scope of the agency are binding on the associa-
tion. So if a subordinate lodge, with full knowledge of a
fact which would render a certificate void, continues to
receive dues from a member, the right to forfeit the cer-
tificate on account of that fact is waived. A subordinate
lodge receiving dues and paying them over to the principal
lodge necessarily treats the insurance as in force."

The by-laws of this organization require the members to make their payments to the local camp. They cannot remit directly to the supreme recorder. The officers of the supreme lodge may have had no actual knowledge of what the local recorder had done, but these local lodges are the agents of the order, clothed with authority to act for it in receiving the payment of dues, and with them, alone, the member must deal. If the order permits the subordinate lodge and its officers to act in such a manner that the holder of a certificate is justified in believing that the reasons for forfeiture specified in the by-laws have been waived, it cannot set up a forfeiture incurred by relying upon such action as a defense against the certificate. While the by-laws of the appellee declared a forfeiture for the non-payment of an assessment during the calendar month, the evidence shows, without contradiction, that it was the custom for the recorder to remit from the fifth to the tenth of the following month and to accept payment of assessments up to the time of remitting, and not to report for suspension anyone who paid after the first of the month but before the time of so remitting. This was a regular course of conduct of the present recorder and of her predecessors for years previous. It must be presumed that appellee knew of this practice. The supreme lodge, entrusting its local recorder with authority to receive assessments, stands in no position to deny that she was its agent within the scope of that authority. (*Knights of Pythias* v. *Withers*, 177 U. S. 260.) The subordinate lodge, with full knowledge of the supposed cause of suspension and the state of Mrs. Dromgold's health, accepted the assessment and treated the insurance as in force. Appellee cannot now insist that she was suspended. The municipal court did not err in refusing to hold the proposition of law to the contrary.

Nothing is said in *Court of Honor* v. *Dinger, supra, Johnson* v. *Royal Neighbors, supra,* and other decisions in

this State relied on by counsel for the appellee, that is out of harmony with the conclusions reached here.   In *Court of Honor* v. *Dinger, supra,* the question, among others, was involved as to whether or not the insured, when re-instated, was in good health.   There was no claim that the officials of the local camp of the Court of Honor knew the insured was in poor health.   Had there been any evidence in this record indicating that the local camp had been deceived as to the condition of the health of Mrs. Dromgold, certain rules of law laid down in that ·case might have been invoked here, but on the facts in this record they are not applicable.   The contentions of counsel for appellee on this point, if carried to their logical conclusion, would result in overruling the decisions of this court as to the local lodge or camp being the agent of the supreme lodge or camp.

The judgment of the Appellate Court will be reversed and the judgment of the municipal court affirmed.

*Judgment of the Appellate Court reversed*
*and judgment of municipal court affirmed.*