o    CHICAGO—FIRST DISTRICT—MARCH, 1918.    109

McCarthy v. Nat'l Council, K. & L. of Security, 210 Ill. App. 109.

Hannah McCarthy, Appellee, v. National Council, Knights and Ladies of Security, Appellant.

Gen. No. 23,293.

INSURANCE, § 760*—*what constitutes waiver of provisions of by-laws as to ineligible members.* Where the by-laws of a fraternal beneficial insurance society provided that no subordinate body of the society should receive certain specified classes of persons, and that the society would not be liable for any negligence in the admission of members, collection and transmission of assessments, nor by any irregularities, neglect or illegal action by any subordinate body or any of its officers, and a member to whom a certificate was issued agreed both therein and in his application to be bound by the laws of the society, the admission by a subordinate body of the society of a person as a member who belonged to some of such specified prohibited classes and collection and transmission by it of assessments paid by the member constituted a waiver of the provisions of the by-laws, where the subordinate body acted with full knowledge of the facts as to the member and in good faith, believing the member to be eligible.

Appeal from the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed March 13, 1918. Rehearing denied March 26, 1918.

A. W. FULTON, for appellant.

DANIEL M. HEALY and THOMAS J. HEALY, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

This was an action brought by the appellee, hereinafter referred to as the plaintiff, against the appellant, hereinafter referred to as the defendant, on a fraternal beneficiary certificate issued by the defendant to the husband of the plaintiff, payable to her at

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

his death. At the close of the evidence, the court overruled defendant's motion for a peremptory instruction and allowed a similar motion tendered by plaintiff, whereupon the jury returned its verdict for the sum of $2,000, on which judgment was entered, from which the defendant has appealed.

There is little or no dispute about the facts. At the time the deceased made application for membership in the defendant society, he owned a saloon and also a grocery store, neither of which he operated. His wife ran the saloon and his daughter ran the grocery store. He seems to have put in his time raising fancy dogs. In his application for membership he gave his occupation as that of a grocer and stated that he had no other business regularly or occasionally, and, further, that he was not engaged in any of the occupations mentioned in section 107 of the laws of the order printed on the reverse side of the application, and, in his application, agreed that if engaged in any of such occupations he would recognize that the liability of the order was thereby extinguished. Section 107 of the laws of the order set forth certain prohibitive risks which it recites no subordinate council should receive, among which is the following: "Persons engaged either as manufacturer of or wholesale dealer in spirituous, malt or vinous liquors, or as saloon owner, saloon keeper, or bartender engaged in the sale of spirituous, malt or vinous liquors as a beverage." Both in the application and in the certificate he agreed to be bound by the laws of the society, which provided, among other things, that the National Council would not be liable for any negligence in the admission of members, collection and transmission of assessments, nor by any irregularities, neglect or illegal action by any subordinate council or any of its officers. A deputy organizer for the defendant order, the president of the council the deceased

joined, and another who had been its financial secretary all testified that they knew that the deceased owned a saloon and that at several meetings of the council the entire situation was discussed and that the opinion prevailed that he was eligible to membership under the laws .of their order, notwithstanding his ownership of the saloon, provided he was not connected with the active management of it, and that therefore the council received him into its membership.

In urging that the judgment of the trial court be reversed, the defendant contends that the court erred in denying its motions for a peremptory instruction and in allowing the plaintiff's motion for such an instruction.

It is well settled in this jurisdiction that a subordinate lodge or council of a beneficiary society is the agent of the supreme lodge or council. *Coverdale v. Royal Arcanum,* 193 Ill. 91. This is true notwithstanding the declarations or by-laws of such societies to the contrary. *Dromgold v. Royal Neighbors of America,* 261 Ill. 60, and cases cited. If a subordinate lodge, with full knowledge of a fact which would render a certificate void, continues to receive dues from a member, the right to forfeit the certificate on account of that fact is thereby waived. A subordinate lodge, receiving dues and paying them over to the principal lodge, necessarily treats the insurance as in force. *Dromgold v. Royal Neighbors of America, supra; Coverdale v. Royal Arcanum, supra.* In the latter case it was alleged that the trial court had erred in refusing to hold as law the following proposition: "If, at the time of the making of the application by the deceased, William Wasserman, to become a member of the defendant order, he was a saloon keeper, and served or sold drinks to be drunk upon the premises, and the officers and members of the local council, to which such application was made, had knowledge

of such fact, but such information was not conveyed to the supreme officers of the defendant order, then, in such case, there was no waiver of the by-laws of the defendant, forbidding persons, engaged in the business of selling or serving intoxicating liquors to be sold on the premises, to become a member of the defendant order; and plaintiffs cannot recover from the defendant." The court held that the trial court committed no error in refusing this proposition. Restrictions in the by-laws upon the power of any subordinate officer or local council of the order to waive any of the conditions of the contract or of the provisions of the by-laws are themselves conditions of the contract which may be waived the same as any other conditions of the policy. *Dromgold v. Royal Neighbors of America, supra,* and cases cited.

In most of the cases involving this sort of a situation, the fact in question, which is not communicated by the local council to the general council, is one which the local council appreciates as a fact which makes the certificate of membership void, and, in their failure to communicate the fact to the national council, the local council can be said to be acting in bad faith. In the case at bar, it seems that the local council was acting in good faith. They seemed to have been of the opinion that, under all the facts as they knew them, the deceased was eligible to membership. The fact that they were in error in this matter certainly cannot put the deceased or his beneficiary in any worse position than they would be in if the local council had deliberately withheld the fact which they knew was one which would void the certificate. In view of the knowledge possessed by the local council in this case, and their course of conduct, it must be held that the provisions of the by-laws of the defendant order, which might have operated to have rendered his certificate void, have no effect and were duly and effectively waived.

There being no error in the record, the judgment of the Municipal Court is affirmed.

*Affirmed.*