**Eleanor B. Stevenson, Appellee, v. Prudential Insurance Company of America, Appellant.**

**Gen. No. 41,359.**

402

Opinion filed February 17, 1941.

HOYNE, O'CONNOR & RUBINKAM, of Chicago, and MICHAELS, BLACKMAR, NEWKIRK, EAGER & SWANSON, of Kansas City, Mo., for appellant.

WILSON & McILVAINE, of Chicago, for appellee; J. F. DAMMANN, SHELDON LEE and GEORGE FIEDLER, all of Chicago, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff, the beneficiary of a life insurance policy for $10,000 issued by defendant to her former husband, Joseph Husband, brought suit to recover the face of the policy less what had been borrowed against it. There was a trial before the court without a jury, a finding and judgment in plaintiff's favor for $7,438.30, the amount of her claim, and defendant appeals.

The record discloses that March 16, 1917, defendant issued its policy of insurance to Joseph Husband for

$10,000; his wife, the plaintiff, who has subsequently remarried was the beneficiary. The insured died September 21, 1938, and for some time prior to his death the premium of $53 was payable quarterly in advance. The quarterly premium which fell due March 16, 1938 was not paid on that date but some time prior to the expiration of the grace period of 31 days. There was a loan on the policy of $3,001.87 and the cash surrender value was $3,015, so that on June 16, 1938, when the quarterly premium was due the net cash surrender value was $13.13.

It is admitted that this equity was sufficient to purchase extended insurance for 43 days from that date, that is, to July 29, 1938, and defendant's position is that the policy lapsed at that time. No part of the June premium was paid. There is no dispute as to the facts, most of which were stipulated. ·

The pertinent provisions of the policy are as follows:

"NON FORFEITURE PROVISIONS.

"POLICY NON-FORFEITABLE AFTER FIRST
YEAR'S PREMIUM HAS BEEN PAID.

"*Non-forfeiture Values at End of First and Second Policy Years.*—If this Policy after being in force one full year or two full years shall lapse for non-payment of premium, the Company will continue in force the insurance under the Policy for a period of sixty days or of one hundred and twenty days, respectively, from the due date of such premium, as specified on the first page hereof, as indicated in the following table: . . .

"*Paid-up Life Policy.*—If this Policy, after being in force three full years, shall lapse or become forfeited for the non-payment of any premium on the date when due, as specified on the first page hereof, . . . the Company will issue a non-participating Paid-up Life Policy as specified in the following table: . . .

"*Automatic Extended Insurance.*—If this Policy, having lapsed or become forfeited as specified in the clause, 'Paid-up Life Policy,' above, be not surren-

dered for its Cash Value or for a Paid-up Life Policy, the Company will put in force in lieu of this Policy, *without any action on the part of the Insured,* a non-participating Paid-up Term Policy for the full amount insured by this Policy, such Paid-up Term Policy to be dated on the day to which premiums have been duly paid, and to continue in force for the term indicated by the following table; provided, however, . . . that if there be any indebtedness to the Company on account of this Policy the amount of such Paid-up Term Policy shall be the face amount of this Policy less the amount of such indebtedness, and the term for which such Paid-up Term Policy shall run shall be changed to that term for which the Cash Surrender Value of this Policy herein specified, after deducting such indebtedness, will carry the modified amount at Single Premium Term Rates. The Paid-up Term Policy will be delivered on the legal surrender of this Policy.''

The applicable part of the table referred to in the above provisions of the policy is:

''TABLE OF LOAN AND NON-FORFEITURE VALUES.
'' (3)

| ''At the End of | Automatic Extended Insurance For Face Amount of Policy (See first paragraph of 'Non-forfeiture Provisions,' above.) | |
|---|---|---|
| 1 Year | | 60 Days |
| 2 Years | | 120 " |
| 3 " | 3 Years | 16 " |
| 4 " | 4 " | 142 " |
| 5 " | 5 " | 325 " |
| 6 " | 7 " | 76 " |
| 7 " | 8 " | 192 " |
| 8 " | 9 " | 293 " |
| 9 " | 11 " | — " |
| 10 " | 12 " | 35 " . . .'' |

[Table continues up to 20 years]

It is stipulated that "On or about August 30, 1938, the defendant, The Prudential Insurance Company of America, mailed from its Home Office at Newark, New Jersey, to the plaintiff, and the plaintiff received at Room 596–208 South La Salle Street, Chicago, Illinois, a certain notice in writing" (which is in evidence) that "On or about August 31, 1938, a clerk in the Home Office of the defendant, . . . made a certain affidavit with reference to the mailing of" the notice. The pertinent part of the notice is as follows:

"Home Office, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

Newark, N. J.          Edward D. Duffield, President.
*"Hereby gives notice that the premium on this policy will be due as stated below, and unless said premium is paid when due such policy will be forfeited as specified on the reverse side hereof.*

"PLEASE REMIT THE PREMIUM
     WITH THIS NOTICE          To W. S. Fuller, Mgr.
"Policy Number    Date Due
2346360              Sep 16    ¼ Annual Premium $53
                     1938

". . . READ NOTICE ON OTHER SIDE, regarding the FORFEITURE of policy if premiums are not paid by or before due date. (OVER)

"NOTICE.—EFFECT OF FAILURE TO PAY PREMIUMS
*"THE PREMIUM DUE ON THIS POLICY as specified on the reverse side hereof may be paid to the representative named hereon in exchange for the Company's receipt properly countersigned, or paid to the Company at its Home Office, in Newark, N. J. Unless the premium then due shall be paid to the Company or to a duly appointed agent or person authorized to collect said premium by or before the day it falls due (or within a grace period of 31 days thereafter), said policy and all*

payments thereon will become forfeited and void, except as to the right to a surrender value, extended insurance or paid-up policy, as may be provided in said policy or by statute.

"NOTICE TO POLICYHOLDERS AS TO POWERS OF AGENTS. —No Agent has power on behalf of the Company to make or modify any contract of insurance or waive any provision thereof, to extend the time for paying a premium, to waive any forfeiture, or to bind the Company by making any promise, or making or receiving any representation or information.

WILLIAM W. VAN NALTS, Secretary."

The pertinent portion of the affidavit of the mailing of this notice is:

"J. E. DYSON, being duly sworn, doth depose and say that he is a clerk in the office of THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, at Newark, New Jersey, that being the home or principal office of said Company. Deponent further says that on the *30* day of *Aug. 1938* he mailed . . . to each of the persons severally named in the schedule on this page the . . . notice required by the law of the State of Illinois, which notice stated the amount of premium, instalment, interest or portion thereof to become due on his or her policy, the place where it shall be paid and the person to whom the same is payable, and the time when said premium . . . shall fall due; . . . Each notice also stated that unless such premium or other sums due shall be paid to the Company or its Agents, the policy and all payments thereon will become forfeited and void, except as to the right to a surrender value, extended insurance or paid-up policy as provided for by the policy."

This was subscribed and sworn to by J. E. Dyson before a notary public of New Jersey and in the schedule, referred to in the affidavit, is:

"Schedule

"Each Premium Referred to in This Schedule Falls Due and Is Payable 9-16-38

| Number of policy | Amount of Premium Due | Name and last known post-office address of person insured or of assignee of policy |
|---|---|---|
| 2346360 | $53.00 | Mrs. E B Stevenson Joseph Husband Ins. c/o Robert Stevenson 208 So. La Salle St. Rm. 596 . . . Chicago, Ill." |

Counsel for plaintiff contend, (1) that "by the terms of the policy, upon the non-payment of the premium due June 16, 1938, the first non-forfeiture provision kept the policy in full force and effect for a period of one hundred and twenty days from that date until October 14, 1938, which was after the occurrence of the death of the assured, Joseph Husband." We think this contention cannot be sustained.

From the provisions of the policy above quoted we think it clear that if the policy is in force for one full year the company will continue in force the face of the policy less any indebtedness for a period of sixty days; and if it is in effect two full years, for 120 days. If it is in effect three full years and there is no indebtedness to the company on account of the policy, the automatic extended insurance will be for three years and sixteen days; but "if there be any indebtedness to the Company on account of this Policy . . . the term for which such Paid-up Term Policy shall run shall be charged to that term for which the Cash Surrender Value of this Policy herein specified, after deducting such indebtedness, will carry the modified amount at Single Premium Term Rates." In the

instant case it is agreed that after deducting the indebtedness to the company there was an equity of $13.13 which would automatically extend the policy for 43 days or until July 29, 1938. We think the 120 days does not apply except where the policy has been in effect two full years.

The second proposition advanced by counsel for plaintiff is ''that the act of The Prudential Insurance Company in formally notifying the beneficiary of the policy, on August 30, 1938, that the quarterly premium was due on September 16th and that 'unless the premium then due shall be paid . . . by or before' 31 days thereafter, (October 17, 1938) 'said policy and all payments thereon will become forfeited and void,' operated to keep the insurance alive until October 17, 1938 and that, therefore, the policy was in full force and effect at the time of the death of the assured on September 21, 1938.'' We think this contention must be sustained. *Baxter v. Metropolitan Life Ins. Co.,* 318 Ill. 369; *Adam v. Columbian Nat. Life Ins. Co.,* 218 Ill. App. 54; *Waerness v. Independent Order of Foresters,* 244 Ill. App. 211; *Union Trust Co. v. Chicago Nat. Life Ins. Co.,* 267 Ill. App. 470; *Fisher for use of Kiniry v. Associated Underwriters, Inc.,* 294 Ill. App. 315.

The notice was sent by defendant to plaintiff August 30, 1938. It was not sent by a mere clerk without authority, as counsel for defendant contend, but was sent by the defendant company, as stipulated on the trial. Such notice was required by the statute of this State. Ill. Rev. Stat. 1939, ch. 73, par. 846 [Jones Ill. Stats. Ann. 66.909]. That paragraph provides: ''No life company doing business in this State shall declare any policy forfeited or lapsed within six months after default in payment of any premium . . . nor shall any such policy be forfeited or lapsed by reason of non-payment when due of any premium, . . . required by the terms of the policy to be paid, within six months from the default . . . unless a written or

printed notice stating the amount of such premium, . . . due on such policy, the place where it shall be paid and the person to whom the same is payable, shall have been duly addressed and mailed with the required postage affixed, to the person whose life is insured, . . . at his last known post office address, at least fifteen days and not more than forty-five days prior to the day when the same is due and payable, before the beginning of the period of grace. Such notice shall also state that unless such premium or other sums due shall be paid to the company or its agents the policy and all payments thereon will become forfeited and void, except as to the right to a surrender value or paid-up policy as provided for by the policy. The affidavit of any officer, clerk or agent of the company or of any one authorized to mail such notice . . . shall be presumptive evidence that such notice has been duly given.''

The notice is from the defendant insurance company addressed to plaintiff. By it she is told the quarterly premium of $53 is due September 16, 1938, and that unless it is paid at that time or within thirty-one days thereafter, the policy and all payments will be forfeited and the policy void except as to its surrender value as may be provided in the policy or the statute. The name of the president of the company is on the notice and it purports to come from Mr. William W. Van Nalts, secretary of the company. In the affidavit of the person mailing it, it is stated that the notice sent plaintiff is required by the laws of the State of Illinois; that it gives the amount of the premium and the due date, and that unless the premium is paid when due the policy will be forfeited and void except as to the surrender value of the policy or extended insurance.

Plaintiff had no way of knowing that the policy would be forfeited before September 16, as the notice stated, nor could she know that the company would

contend the policy was forfeited and void for non-payment of the June premium, and that the value of it carried extended insurance to July 29, 1938. The policy would give no person such information, in fact, we think it appears that the company did not know when the policy expired as it now contends, until the trial of the case.

The *Baxter* case (318 Ill 369), was a suit on a life insurance policy where the right of the insurance company to insist on the lapse of the policy for failure to pay the premium within the time required had been waived by its conduct. The court there said: "Waiver by an insurer results when it by an act, statement or course of conduct toward the assured recognizes the policy as existing though the time for payment of the premium has expired. Forfeiture of life insurance policies is not favored, and unless the circumstances show a clear intention to claim a forfeiture for non-payment of the premium such forfeiture will not be enforced. If the conduct of the insurer is such as to induce the assured to believe that a forfeiture will not be insisted upon, the insurer will be held to be estopped from taking advantage of such forfeiture," citing a number of Illinois cases.

Moreover, we are further of opinion that under the provisions of the statute above quoted, the policy could not be declared forfeited by the company unless and until the notice required by the statute was given, and the insured having died before the time specified in the notice had expired, the policy was in full force and effect.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

MATCHETT and McSURELY, JJ., concur.